ALD-184                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1596
_____

ASSEM A. ABULKHAIR,
                                        Appellant

v.

MENELAOS W. TOSKOS; WILLIAM T. SMITH; HOOK SMITH & MEYER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No.10-cv-01820)
District Judge:  Honorable Jose L. Linares
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 12, 2011
Before:  SCIRICA, HARDIMAN AND VANASKIE, Circuit Judges

(Opinion filed:  June 2, 2011)
_____

OPINION
_____

PER CURIAM

       Assem Abulkhair appeals from the order of the United States District Court for the

District of New Jersey dismissing his complaint.  We will affirm.

       Because the District Court's opinion contains a summary of the proceedings, our

description here will be brief.  In April 2010, Abulkhair commenced a civil action in

District Court by filing a complaint against New Jersey Superior Court Judge Menelaos Toskos, William Smith, Esquire, and the law firm of Hook, Smith & Meyer ("Smith's law firm"). He asserted federal question jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 455. The District Court granted Abulkhair's application to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915. The District Court dismissed the complaint without prejudice to the filing of an amended complaint, noting that Abulkhair alleged the exhaustion of state remedies when the New Jersey Supreme Court considered his claims and that the matter thus appeared to be barred by the Rooker-Feldman doctrine.[1]

Abulkhair filed an amended complaint and supporting documents, again stating that the action arose under 42 U.S.C. § 1983 and 28 U.S.C. § 455. Abulkhair alleged that he retained Smith and Smith's law firm to represent him in a lawsuit, and that he paid certain sums of money during the litigation. Eventually, in 2006, Abulkhair sued Smith and Smith's law firm in state court to obtain a refund of money he believes is owed to him. Abulkhair contended that the defendants failed to appear for a court date in that matter, and the assigned judge entered a default. However, as Abulkhair was leaving the courtroom, Smith arrived, took the court jacket from the clerk, and led Abulkhair to Judge Toskos's courtroom. Abulkhair alleged that it "became obvious . . . that Defendant

---

[1] The doctrine is named for Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). It applies to "cases brought by state-court losers" seeking the district court's review and rejection

2

Toskos is the chosen Judge and his election and selection by the defendants cannot be made by a coincidence." (Amended Complaint ¶21.) Abulkhair's complaint described several events and rulings during the proceedings against Smith and Smith's law firm, including a ruling by Judge Toskos that was ultimately reversed on appeal in 2007, as well as the denial of his motion to recuse. Abulkhair then alleged that, after "relentless research," he discovered that Judge Toskos is a former partner of a law firm that represented an opposing party in another one of Abulkhair's pending lawsuits. Abulkhair states that the defendants deliberately hid "their improper conduct, involvement and clandestine relations in order for them to pass their well-done plan upon Abulkhair and the judiciary in particular to deprive Abulkhair of his absolute right to recoup the unearned money from Defendant Smith and his Firm." (Id. ¶28.) Abulkhair thus alleged that Smith and Smith's law firm conspired with Judge Toskos to deprive Abulkhair of his constitutional rights under section 1983 and rights under section 455 and N.J. Rule 1:12. He also alleged a state law tort claim of negligent infliction of emotional distress.

By order entered March 1, 2011, the District Court dismissed the complaint. In the accompanying opinion, the District Court reviewed the complaint under 28 U.S.C. § 1915(e)(2). The District Court determined that Abulkhair's claims against Smith and Smith's law firm were barred by the Rooker-Feldman doctrine, noting that Abulkhair sought to reverse the same claims already litigated in state court. Also, the District Court

of state court judgments that were rendered before the district court case commenced. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

determined that, even if the claims were not barred under Rooker-Feldman, Abulkhair failed to state a claim under any of the legal bases asserted, and that the claims fail for lack of subject matter jurisdiction. Specifically, the District Court concluded that the section 1983 claims against Judge Toskos are barred on the basis of judicial immunity, and that the allegations were insufficient to state a claim under 28 U.S.C. § 455 and N.J. Court Rule 1:12. Further, the District Court found that Abulkhair's complaint did not allege sufficient facts to raise an inference that Smith and Smith's law firm engaged in a conspiracy with Judge Toskos that would subject them, as non-state actors, to section 1983 liability. Moreover, the District Court determined that Abulkhair's allegations failed to state a claim for negligent infliction of emotional distress.

Abulkhair appeals. Our Clerk advised him that his appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Abulkhair has submitted argument in support of his appeal. We exercise plenary review over the District Court's dismissal of the complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). When reviewing a complaint dismissed under § 1915(e)(2)(B), we apply the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). See id. Thus, we are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (review of a Rule 12(b)(6) dismissal) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

We first address the issue of Judge Toskos's judicial immunity.  Claims for money damages against judicial defendants are barred by the doctrine of absolute judicial immunity.[2]  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted).  Indeed, the doctrine of judicial immunity applies even to allegations of malice or corruption, and section 1983 did not abolish the well-settled principle of judicial immunity.  See Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).  None of Judge Toskos's actions at issue in the complaint were taken outside of his judicial capacity as a judge of the New Jersey Superior Court.  Although Abulkhair alleged that Judge Toskos plotted with Smith to have the state court case assigned to him, Judge Toskos's rulings and other actions in the case are not extra-judicial in nature.  Further, Abulkhair has not shown a basis for granting injunctive relief as to Judge Toskos.  See 42 U.S.C. § 1983; Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006).

Moreover, we affirm the District Court's dismissal of Abulkhair's claim against Judge Toskos under 28 U.S.C. § 455.  Section 455 concerns the disqualification of a "justice, judge, or magistrate judge of the United States," which refers to members of the federal judiciary.  See also 28 U.S.C. § 451.  We agree with the District Court's

---

[2] Abulkhair's argument that it was Judge Toskos's burden to plead *qualified* immunity as a defense is inapposite to the analysis of *absolute* judicial immunity.

conclusion that Abulkhair failed to state a claim under section 455, and section 455 does not provide a basis for federal court jurisdiction over his complaint against Judge Toskos.

We now turn to Abulkhair's claims against Smith and Smith's law firm. In his submission to this Court, Abulkhair does not dispute that these defendants are not state actors, but he argues that they engaged in a conspiracy with Judge Toskos to deprive Abulkhair of his constitutional rights, thus subjecting them to section 1983 liability. See Tower v. Glover, 467 U.S. 914 (1984). In support of his argument that the District Court erred in concluding that the complaint did not allege facts sufficient to raise an inference of such a conspiracy, Abulkhair refers to the allegations contained in paragraphs 32, 33, and 34 of his complaint. Appellant's Response dated Mar. 31, 2011 at 5-6. However, these three paragraphs of the complaint allege in conclusory fashion that the actions of Judge Toskos, Smith, and Smith's law firm "were intentionally done under color of state law," and that "[t]he fake default" in state court before the previously-assigned judge could not have occurred without a specific plan, and that there was in fact "an orchestrated well-done plot" by the defendants to take over the case and deprive Abulkhair of his constitutional rights. As stated earlier, in our review of the District Court's dismissal for failure to state a claim, we apply the Rule 12(b)(6) standard. Abulkhair appears to contend that the District Court should have allowed him to pursue discovery to obtain sufficient facts for his conspiracy allegations, but conversely, the Rule 12(b)(6) standard requires that a plaintiff allege in his complaint sufficient facts to raise a reasonable expectation that discovery will reveal evidence of the essential

6

elements of a cause of action. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556

(2007)). A formulaic recitation of the elements does not suffice; evaluating the complaint

with the assumption that all of the factual allegations are true, the facts alleged must go

beyond merely creating a suspicion of a legally cognizable right of action.

Id. at 555. Upon consideration of paragraphs 32-34 of the amended complaint with the

complaint's other allegations, we conclude that Abulkhair's allegations of a conspiracy

among the defendants is based on suspicion and speculation concerning the reassignment

of his state court case to Judge Toskos. We agree with the District Court that Abulkhair's

complaint falls short of sufficiently alleging conspiratorial conduct by the defendants for

purposes of section 1983 liability of Smith and Smith's law firm.

In sum, we agree with the District Court's conclusion that Abulkhair failed to state

a claim for the asserted bases of federal jurisdiction. We will affirm the District Court's

order because this appeal does not present a substantial question. See 3d Cir. LAR 27.4.